IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                        Criminal No. 2:00CR11-1

ERNEST RAY BRANT,
    Defendant.

## ORDER/OPINION

On the 12th day of June 2006, came the defendant, Ernest Ray Brant, in person and by his counsel, L. Richard Walker, and also came the United States by its Assistant United States Attorney, Shawn Morgan, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on May 24, 2006, alleging Defendant Violated Conditions of his Supervised Release as follows:

1.     Violation of standard condition: the defendant shall not commit another federal state or local crime:

       On March 5, 2006, Mr. Brant was charged with obstructing a police officer by the Charleston Police Department, Charleston, West Virginia. On March 29, 2006, the defendant pled guilty in Kanawha County Municipal Court, Charleston, West Virginia, and was assessed a fine and court costs in the amount of $305.

By Order dated May 23, 2006, Chief United States District Judge Irene M. Keeley ordered a summons issued for Defendant's appearance on the above charges.

An Initial Appearance on the Petition was held before the undersigned on May 31, 2006.

After determining Defendant had received, read, and had the opportunity to review and discuss the charges contained in the Petition for Warrant or Summons for Offender Under Supervision with his counsel, the Court inquired of counsel for Defendant as to whether the Defendant contested the allegation that he had plead guilty to a local crime of obstructing a police officer and was advised by counsel that he did not. The Court further inquired if Defendant conceded that pleading guilty admitted the essential allegations of the charge. Counsel for

Defendant contested the conclusion and expressed a desire to hear evidence presented by the Government. The Court then proceeded to hear evidence presented by the United States in the form of the sworn testimony of City of Charleston, West Virginia, Police Officer Cameron Carpenter, and United States Probation Officer Teresa Eggerud. The Court also received and considered the Petition for Warrant or Summons for Offender Under Supervision filed by Probation Officer Eggerud. Upon consideration of the evidence presented and in accord with the oral findings made by the Court on the record of the hearing, the Court makes the following Findings:

1. Defendant was on Supervised Release.
2. Defendant was United States Probation Officer Teresa Eggerud's assigned supervisee.
3. One condition of Defendant's Supervised Release is that he not commit another Federal, State or local crime.
4. At approximately 11:28 p.m. on March 5, 2006, Police Officer Carpenter was called to back up another officer at the scene of an alleged domestic dispute at Defendant's residence.
5. The call was in response to a report by a woman identified as Defendant's wife or ex-wife, who called from another, separate residence, reporting to police she had been stabbed in the arm several times by Defendant.
6. When the officers arrived at Defendant's residence, the door was wide open, there was broken glass on either side of the door, and a trail of blood leading away from the door.
7. Officer Carpenter saw an at-the-time unidentified man seated slumped in a chair, with one hand holding a beer and the other hand down inside the chair cushions. The man appeared to Officer Carpenter to be passed out, dead or asleep, but he could not be sure.
8. While the other officer stood by the door with his weapon ready, in the down position,

Officer Carpenter took out his Tazer, fearing Defendant may have a knife.

9. Officer Carpenter ordered Defendant to get up several times, but Defendant did not respond.

10. Officer Carpenter finally nudged Defendant's leg with his foot, and Defendant roused.

11. The officers identified themselves to Defendant as police officers, informed him they were investigating a domestic incident, and again ordered Defendant to stand up and bring his hands up where they could be seen.

12. Defendant refused to stand up or put his hands up where they could be seen.

13. Officer Carpenter turned his Tazer on, directing the red light onto Defendant's chest.

14. Defendant then pulled his hands out.

15. Officer Carpenter cleared the house.

16. Officer Carpenter ordered Defendant to stand up, and turn around.

17. Defendant stood up but turned toward the other officer, in which posture, Officer Carpenter could not see his left hand.

18. Defendant looked down at the dot on his chest and said "You ain't gonna shoot me with no ____ Tazer, put that away!"

19. Officer Carpenter ordered Defendant to put his hands behind his back

20. Defendant then turned around and put his hands behind his back

21. As Officer Carpenter began to handcuff Defendant, Defendant pulled away, puffing out his chest, and yelling, "You're not gonna shoot me!"

22. Defendant was only about eight feet from the officer at the time, and was very, very loud.

23. Officer Carpenter's Tazer was in its holster at this time.

24. Defendant shouted, "F ___ you! Shoot me!

25. Officer Carpenter stepped back, and yelled "Tazer" three times, which is pursuant to police

department procedure, and then shot Defendant with the Tazer.

26. Defendant fell into the chair.

27. After Defendant recovered from the shock of the "Tazer", he apologized, stood up, turned around, and put his wrists together to be handcuffed.

28. Defendant notified his Supervising Probation Officer of his encounter with the local police.

29. On March 5, 2006, Defendant was charged with obstructing a police officer by the Charleston Police Department, Charleston, West Virginia.

30. On March 29, 2006, Defendant waived his right to an attorney, and pled guilty to obstructing a police officer in Kanawha County Municipal Court. Jail time was suspended, and he was assessed a fine and court costs in the amount of $305.00, which he paid in full.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated the conditions of his supervised release that he not commit another Federal, State or local crime, as alleged in the Petition for Warrant or Summons for Offender Under Supervision filed May 24, 2006.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia on the violation alleged in the Petition for Warrant or Summons for Offender Under Supervision dated May 24, 2006.

The Court inquired of counsel if there were any objection to Defendant's remaining free on bond pending further proceedings in this matter. Hearing none, it is therefore **ORDERED** that the Defendant be continued on his same Conditions of Supervised Release pending further proceedings.

The clerk of the court is directed to send a copy of this order to counsel of record.

DATED: June 12, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE